```
UNITED STATES DISTRICT COURT                                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
BORIS L. MALAYEV,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :
              - against -                                   :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
ERIC ROSENBAUM, DANIEL H.                                   :
GUTTMANN, RONALD D. HOLLIE,                                 :   18-cv-6526 (BMC)
WINDLEX (VCBC WARDEN), and ALBERT                           :
DAYAN,                                                      :
                                                            :
                              Defendants.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Boris L. Malayev brought this *pro se* action in connection with injuries he sustained at the Vernon C. Bain Center in the Bronx (the "CVBC"), where he is currently detained.[1] Plaintiff's request to proceed *in forma pauperis* is granted. For reasons stated below, his claims are dismissed against all defendants except Windlex, the warden of the VCBC. Those claims are transferred to the United States District Court for the Southern District of New York.

## BACKGROUND

Plaintiff alleges that he fell down ten stairs when he was forced to drag his belongings in a large garbage bag down a staircase while his hands and feet were restrained. As a result of the fall, plaintiff alleges that he "lost consciousness and lots of blood" and also suffered injuries to his head, nasal bones, knees, elbows, shoulder, lower back, neck, wrists, and ankles.

Plaintiff does not identify the individuals responsible for his injuries, but he names the warden of VCBC as a defendant. Plaintiff also names as defendants the Assistant District

---

[1] Plaintiff also brought a petition for a writ of habeas corpus under Docket No. 18-cv-6527, but that action was dismissed.

Attorney, the presiding judge, and two private attorneys involved in his prosecution in state court in Queens (the "Queens Action"). Plaintiff alleges that the Queens Action violates international law, the laws of the United States, and the laws of the Republic of Georgia.

## DISCUSSION

### A. Standard of Review

Under Title 28 of the United States Code, § 1915A, a Court reviews the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007). Under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Younger Abstention

To the extent that plaintiff seeks to challenge the pending Queens Action, these claims are precluded by Younger v. Harris, 401 U.S. 37 (1971). Under the Younger abstention doctrine,

federal courts do not interfere with pending state court prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir. 1995).

Here, the criminal case against plaintiff is still pending, New York has an important state interest in enforcing its criminal laws, and plaintiff is free to raise his constitutional claims in the Queens Action. Accordingly, to the extent that plaintiff asks this Court to interfere in the Queens Action, all of these claims are dismissed under Younger. The defendants associated with the Queens County prosecution – Eric Rosenbaum, Daniel H. Guttmann, Ronald D. Hollie, and Albert Dayan – are dismissed.[2]

### C. Transfer of Venue

The only remaining claim arises from plaintiff's injury on August 10, 2018, which took place at the VCBC. But a civil action may be filed in the judicial district in which: any defendant resides, if all defendants are residents of the State in which the district is located; a substantial part of the events or omissions giving rise to the claim occurred; or if there is no district that meets this criteria, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

---

[2] Even if the Court did not abstain from considering these claims, each of these defendants would still be dismissed. Rosenbaum and Judge Hollie are protected by prosecutorial and judicial immunity, respectively. Van de Kamp v. Goldstein, 555 U.S. 335 (2009); Mireles v Waco, 502 U.S. 9 (1991). Guttman and Dayan appear to be private attorneys, who cannot be held liable in a civil rights action under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981).

Because plaintiff seeks relief from alleged harms that occurred in the Bronx, this case is hereby transferred to the United States District Court for the Southern District of New York. See 28 U.S.C. § 112(b) (stating that Bronx County is located in the Southern District of New York); 28 U.S.C. § 1406(a) (providing that a district court may transfer a case filed in the wrong district to any district in which it could have been brought). This Court offers no opinion on the merits of the claims.

## CONCLUSION

Plaintiff's claims are dismissed against all defendants except Windlex. The claims against Windlex are transferred to the United States District Court for the Southern District of New York. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York that requires a seven-day delay to transfer a case is waived. Summonses shall not issue from this Court.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 3, 2018